**Wayne H. HARROLD, Appellant,**

**v.**

**H. L. COBLE, J. F. Kirkpatrick, Leon G. Coble, Stuart Honaker, Kay Aylchick, individually and as Administrators of the "Profit Sharing Plan and Trust Agreement of H. L. Coble Construction Company and Coble Contracting and Engineering Company," Appellees.**

**No. 11199.**

United States Court of Appeals
Fourth Circuit.

Argued June 2, 1967.

Decided June 21, 1967.

Lawrence Egerton, Jr., Greensboro, N. C. (Egerton, Alspaugh & Rivenbark, Greensboro, N. C., on brief), for appellant.

C. T. Leonard, Jr., Greensboro, N. C. (G. Neil Daniels, and McLendon, Brim, Brooks, Pierce & Daniels, Greensboro, N. C., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BRYAN and WINTER, Circuit Judges.

#### PER CURIAM.

Prior to his retirement, the appellant was vice president in charge of Coble Construction Company's Greensboro office. Shortly after leaving, and pursuant to the Welfare and Pension Plans Disclosure Act of 1958,[1] he requested that the company furnish him with copies of the pension plan and related financial statements. The request was denied on policy grounds, but the company offered to allow inspection of the documents at the Greensboro office at any reasonable time. This was unsatisfactory to the appellant, and he brought suit to recover statutory penalties for failure to furnish the requested information.[2] Subsequently, he unconditionally accepted a check in the amount due him under the pension plan, and after a later hearing, the complaint was dismissed. No penalties were awarded, because no injury was shown. The appellant now charges error in the failure to award penalties, but, in the particular factual situation presented, we find no abuse of discretion on the part of the District Judge.

There is substantial evidence in the record that the appellant, through discussions with other employees and examination of the plan and other documents, became thoroughly familiar with the terms and conditions of the plan before leaving the company's employ. Thus, he does not stand in the position of an uninformed person prevented from ascertaining his rights by the nondisclosure. He can claim no injury from lack of information. Further, the appellant claims no financial loss. He admits that the check which he accepted represented the full amount due him under the provisions of the plan, although he claims payment should have been made earlier.

The statute makes an allowance of the penalty discretionary. We find no abuse of that discretion.

Affirmed.

---

1. 29 U.S.C.A. § 301 (1958).

2. An administrator of a plan covered by the Act who fails to furnish copies upon request may be liable to a participant in the plan, in the discretion of the court, for damages in the amount of $50 per day for each day of refusal. 29 U.S.C.A. § 308(b).